## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BEVERLY STEWART, | ) | |
| Both individually and as Special | ) | |
| Administrator of the Estate of | ) | |
| Leslie Stuckey, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:12-CV-02185-JAR-DJW |
| | ) | |
| CITY OF PRAIRIE VILLAGE, | ) | |
| KANSAS, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Motion for Protective Order and/or Stay of Discovery (ECF No. 13) filed by Defendants Byron Roberson, Wes Lovett, Wesley Jordan, Tim Schwartzkopf, Seth Meyer, John Olson, Dan Stewart, Benjamin Micheel and Adam Taylor filed in their individual capacities (collectively, "Individual Defendants"). In their motion, Individual Defendants request a protective order staying discovery directed to or related to the Individual Defendants until the Court addresses the affirmative defense of qualified immunity raised in their Motion to Dismiss (ECF No. 3). For the reasons set forth below, the Motion for Protective Order and/or Motion for Stay of Discovery (ECF No. 13) is granted.

### I. Background Information

Plaintiff Beverly Stewart, as Special Administrator of the Estate of Susan Leslie Stuckey, brings this civil rights action pursuant to 42 U.S.C. § 1983, and alleges that the Individual Defendants violated Susan Stuckey's constitutional rights by allegedly using excessive force during an incident on or around March 31, 2010. In Defendants' Memorandum in Support of Motion to Dismiss, the Individual Defendants raise the affirmative defense of qualified

immunity.[1]  Plaintiff opposes staying discovery, arguing that discovery should proceed regardless of defendants' affirmative defense of qualified immunity, and that discovery should proceed as to facts pertaining to the defense of qualified immunity.

## II. Standard for Ruling on a Motion to Stay Discovery and Doctrine of Qualified Immunity

Qualified immunity is available to state actors who perform discretionary functions if their actions do not violate clearly established law of which a reasonable person would have known.[2]  The standard is one of "objective legal reasonableness" in light of the legal rules that were "clearly established" at the time the challenged action took place.[3]  The general policy in this district is not to stay discovery pending a ruling on a dispositive motion.[4]  However, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided . . . where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[5]

Qualified immunity not only protects governmental employees from liability, it also protects them from litigation and discovery as well.  It is "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question."[6]  "The privilege is an immunity from suit rather than a mere defense to liability."[7]  The reason for such protection is that "broad-ranging discovery" can be "peculiarly disruptive of effective government."[8]  As a result, the Supreme Court has repeatedly "stressed the importance

---

[1] Defs.' Mem. Supp. Mot. to Dismiss (ECF No. 4).
[2] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).
[3] *Id.* at 818-19.
[4] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).
[5] *Id.* at 494-95.
[6] *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).
[7] *Roska v. Peterson,* 328 F.3d 1230, 1239 (10th Cir. 2003).
[8] *Harlow,* 457 U.S. at 817.

of resolving immunity questions at the earliest possible stage in litigation."[9]  Without an early determination of qualified immunity, the protections from litigation are essentially lost.[10]  Thus, it is well established that a separate and distinct basis for staying discovery exists when a defendant asserts an immunity defense in the form of a dispositive motion.[11]  The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed."[12]

### III. Discussion

Based upon the foregoing well-established legal standards regarding qualified immunity, the Court finds a protective order staying discovery is warranted as to Individual Defendants Roberson, Lovett, Jordan, Schwartzkopf, Meyer, Olson, Steward, Micheel and Taylor, until such time as the Court rules on the issue of qualified immunity.  Without such a stay, the Individual Defendants would be forced to progress through "wide-ranging" discovery.  Allowing discovery to proceed would effectively eliminate the protections afforded the Individual Defendants under the doctrine of qualified immunity, as they would be forced to engage in the burdens of litigation and discovery.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order/Stay of Discovery (ECF. No. 13) is granted.  All discovery as it relates to the Individual Defendants is stayed, pending the outcome of Defendants' asserted defense of qualified immunity.

Dated in Kansas City, Kansas on this 24th day of October, 2012.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

---

[9] *Albright v. Rodriguez,* 51 F.3d 1531 (10th Cir. 1995) (quoting *Hunter v. Bryant,* 502 U.S. 224, 227 (1991)).
[10] *Mitchell,* 472 U.S. at 526.
[11] *Pfuetze v. State of Kansas*, 10-1139-CM-GLR, 2010 WL 3718836 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).
[12] *Harlow,* 457 U.S. at 818.