# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BEVERLY STEWART, | ) | |
| Both individually and as Special Administrator | ) | |
| of the Estate of Susan Leslie Stuckey, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-2185-JAR-DJW |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PRAIRIE VILLAGE, KANSAS | ) | |
| *et al.,* | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Enter Protective Order (ECF No. 55). Plaintiff requests that the Court enter her proposed protective order, which would allow the parties to designate as "confidential" certain documents and testimony concerning personal or confidential matters, including personnel files, medical records, financial information, investigative techniques and other confidential information. Numbered paragraph 1 of Plaintiff's proposed protective order provides that the protective order governs the following information previously maintained in a confidential manner and which are designated by one of the parties as confidential:

> (1) personnel files of parties and non-parties, (2) financial records, (3) criminal investigation reports of the City of Prairie Village Police Department, and other police agencies, **except those records previously obtained by Plaintiff through litigation under the Kansas Open Records Act in the Johnson County District Court,** *Stewart v. City of Prairie Village et al.***, Case No. 12-1930**; (4) Plaintiff's medical records, and (5) internal policies and procedures of law enforcement agencies.[1]

---

[1] Pl.'s proposed Protective Order (ECF No. 55-1)(bold added).

Defendants have filed a response (ECF No. 56) opposing Plaintiff's motion. While they have no objection to the entry of a protective order, they do object to the portion of Plaintiff's proposed protective order that broadly exempts from "confidential" designation the documents that Plaintiff has previously obtained in the Johnson County District Court case, *Stewart v. City of Prairie Village, et al.* Defendants contend that in that case Johnson County District Court Judge Hauber erroneously ordered the production of the Officer Involved Shooting Investigation Team ("OISIT") investigation file under the Kansas Open Records Act. According to Defendants, the OISIT investigation file contained confidential policies, procedures, and processes of the Prairie Village Police Department. Defendants claim that inclusion of this provision in the protective order entered in this case would preclude them from identifying as "confidential" any documents previously ordered to be produced. As such, Plaintiff's proposed protective order fails to adequately protect the interests of the City of Prairie Village and its Police Department. Defendants request that the Court enter a protective order permitting it to mark as "confidential" documents "previously produced or to be produced which contain its policies, procedures, and processes."

Plaintiff argues in support of her proposed protective order that in the state court litigation Judge Hauber granted her motion for the production of certain requested documents regarding the shooting of Ms. Susan Stuckey under the Kansas Open Records Act. She maintains that those documents, which were properly acquired in state court litigation, should remain exempt from "confidential designation" under the protective order entered in this case. Plaintiff also points out that while Defendants claim that Judge Hauber erroneously ordered the release of certain records, they did not appeal his ruling and do not specify any particular documents that should be designated "confidential." Plaintiff also argues that Defendants fail to argue with

specificity exactly which "confidential" policies, procedures, and processes they are seeking to identify and protect. Instead, they merely reference generally the fact that the information is contained in the "OISIT" investigation file. According to Plaintiff, Defendants' response is simply unclear as to which documents in particular they want to designate as confidential, only alleging documents that contain "policies, procedures, and processes." Because Defendants are unclear about which documents should specifically be protected and offer no justification for their position, this Court has no basis for granting Defendants' request allow it to mark documents ordered produced in the state court litigation as "confidential" in this case.

Plaintiff has made a threshold showing of good cause under Fed. R. Civ. P. 26(c) for entry of a protective order restricting the use, dissemination, and disclosure of certain confidential information obtained during discovery in this action. Plaintiff asserts that discovery in this case is expected to involve the personnel files of parties and non-parties, criminal investigation reports of the City of Prairie Village Police Department, the OISIT Investigation file (a multi-agency police investigation force that investigated the shooting of Plaintiff's decedent), Plaintiff's medical and mental health records, and internal confidential policies and procedures of law enforcement agencies. Plaintiff further asserts that entry of a protective order restricting the use, dissemination, and disclosure of such materials is appropriate here because certain documents may contain confidential medical and personal information, as well as particular law enforcement policies and procedures that are not known and which Defendants assert should not be known to the general public. Accordingly, the Court finds that good cause for the entry of a protective order exists under Fed. R. Civ. P. 26(c) to protect the confidentiality of the personnel files of parties and non-parties, financial records, criminal investigation reports, medical records, and internal policies and procedures of law enforcement agencies.

The Court will overrule Defendants' objection to the protective order to the extent that it categorically excludes the designation as "confidential" any records previously obtained by Plaintiff through litigation under the Kansas Open Records Act in the Johnson County District Court case, *Stewart v. City of Prairie Village, et al*. Defendants have not shown good cause to include the records ordered disclosed in that case within the provisions of the protective order in this case. Defendants contend that Judge Hauber erroneously required the documents to be produced in the state court action, but provide no support for their contention. As Plaintiff indicates in her reply, Judge Hauber reviewed the documents in question and ordered the documents to be produced under the Kansas Open Records Act. Defendants did not appeal that decision. Nor have they specified or explained why certain documents released under the Kansas Open Records Act containing their policies, procedures, and processes would warrant a "confidential" designation in this case.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Enter Protective Order (ECF No. 55) is granted. In conjunction with the filing of this Memorandum and Order, the Court will enter the Protective Order as proposed by Plaintiff.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 11th day of April 2013.


s/ David J. Waxse
David J. Waxse
United States Magistrate