# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BEVERLY STEWART, both individually
and as Special Administrator of the Estate of
Susan Leslie Stuckey,

        Plaintiff,

v.                                                        Case No. 12-2185-JAR-DJW

CITY OF PRAIRIE VILLAGE,
KANSAS, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This civil rights action is based on the events leading up to and surrounding the death of Susan Stuckey on March 31, 2010. Plaintiff, Beverly Stewart, alleges that Defendants used excessive force in violation of Ms. Stuckey's rights under the Fourth and Fourteenth Amendments. The Court has before it Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 135). Upon review, the Court concludes that the Motion should be granted.

Plaintiff has requested leave to amend her complaint under Fed. R. Civ. P. 15(a) to remove parties and claims that were dismissed pursuant to the Court's Memorandum and Order dated October 17, 2012 (ECF No. 34), to add an additional claim of illegal entry in violation of Ms. Stuckey's rights under the Fourth and Fourteenth amendments, and to add factual allegations supporting her existing claims. Regarding the additional claim of illegal entry, Plaintiff alleges that the "exigent circumstances" cited by Defendants as a basis to enter the deceased's residence without a warrant have been brought into question during discovery.

Defendants have filed a Response in Opposition (ECF No. 140) asking that the Court deny leave to amend. They argue that the Motion is untimely and Plaintiff has not established "good

cause" pursuant to Fed. R. Civ. P. 16(b) for the untimeliness, that she was dilatory in conducting discovery and seeking amendment, that she acted in bad faith by filing her Motion on the last day of discovery, and that the amendment would prejudice Defendants because discovery is now closed.

Plaintiff argues in her Reply in Support (ECF No. 143) that she did act diligently, and that Defendants' actions, not her actions, delayed discovery in this case. She also argues that the factual basis for her proposed illegal entry claim was not apparent from Defendants' initial disclosures or the Officer Involved Shooting Investigation Team (OISIT) report and was not adequately established until depositions were complete. Lastly, she argues that the amendment will not prejudice Defendants, as no additional discovery from Plaintiff will be required to defend against the additional claim. As set forth below, the Court finds that Plaintiff has shown good cause, that there is no undue delay, bad faith, or dilatory motive on Plaintiff's part, and that there will be no undue prejudice to Defendants as a result of granting leave to amend.

In this matter, Plaintiff filed her original Complaint (ECF No. 1) on March 29, 2012. In response, Defendants filed a Motion to Dismiss for Failure to State a Claim (ECF No. 3) on May 25, 2012, asserting a defense of qualified immunity. Defendants also filed a Motion for Protective Order and/or Motion to Stay Discovery (ECF No. 13) on August 27, 2012. The Court granted the Motion and ordered all discovery related to the individual defendants stayed, pending the outcome of the asserted defense of qualified immunity.[1] The original deadline for motions for leave to amend the pleadings was September 28, 2012.[2] On Plaintiff's request, this deadline was extended to

---

[1] Mem. & Order, ECF No. 35.

[2] Sched. Order at 9:3(a), ECF No. 12.

October 5, 2012.³ On October 17, 2012, after the deadline for requesting leave to amend had passed, Defendants' Motion to Dismiss (ECF No. 3) was granted in part and denied in part, resolving the qualified immunity defense issue.⁴ Thereafter, Defendants filed an Answer (ECF No. 44) out of time with leave to do so on November 27, 2012. On December 12, 2012, the Court entered an Amended Scheduling Order, extending the deadline to complete all discovery to May 31, 2013.⁵ The instant Motion (ECF No. 135) was filed on May 31, 2013.

## I. Standard for Ruling on a Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), if over 21 days have passed since the service of the earlier of either a responsive pleading or a motion under Rule 12(b), (e), or (f), "a party may amend its pleading only with the opposing party's written consent or the court's leave."⁶ Rule 15(a)(2) requires the court to "freely give leave when justice so requires."⁷ The court may, however, refuse to grant leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

---

³Order, ECF No. 30.

⁴Mem. & Order, ECF No. 34.

⁵Am. Sched. Order at 3:2(a), ECF No. 50.

⁶Fed. R. Civ. P. 15(a)(2).

⁷*Id.*

amendment."[8]  The purpose of Rule 15(a) is "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' "[9]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is potentially implicated.  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[10]  In *Minter v. Prime Equipment Co.,* the Tenth Circuit expressly declined to "decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements," as that issue was not argued by the parties.[11]

This District has previously applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[12]  This

---

[8]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

[9]*Id.* (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[10]Fed. R. Civ. P. 16(b)(4).  In addition, the Scheduling Order in this case states that the schedule "shall not be modified except by leave of court upon a showing of good cause."  ECF No. 12 at p. 11.

[11]451 F.3d 1196, 1205 at n. 4 (10th Cir. 2006).

[12]*See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 02-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. Mar. 13, 2003) ("When a party seeks leave to amend after the deadline established in a pretrial scheduling order, however, that party must satisfy the standards set forth in Fed. R. Civ. P. 16(b), as well as Fed. R. Civ. P. 15(a)."); *Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D. Kan. 1995) ("Because the plaintiff sought leave to amend her complaint after the deadline established in the pretrial scheduling order, Rule 16 of the Federal Rules of Civil Procedure is the plaintiff's first hurdle. . . .  Rule 15 is the next hurdle for the plaintiff.").

practice has continued after the *Minter* decision.[13] Thus, when a motion to amend is filed beyond the scheduling order deadline, the Court must first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if the more lenient Rule 15(a) standard for amendment has been satisfied.[14]

To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted "with due diligence."[15] "Carelessness is not compatible

---

[13]*See, e.g., Wilson v. Wal-Mart Stores, Inc.,* No. 07-2263-JWL, 2008 WL 2622895, at *2-3 (D. Kan. June 30, 2008) (recognizing that "[c]ourts in this District apply the standards set forth in Federal Rules of Civil Procedure 15(a) and 16(b) when the motion to amend a complaint is filed after the scheduling deadline" and denying motion to amend where plaintiff failed to show good cause for filing motion to amend seven months after the amendment deadline); *Ice Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4570930, at *2 (D. Kan. Dec. 27, 2007) ("When a motion to amend is filed out of time, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a) in conjunction with the good cause standard of Fed.R.Civ.P. 16(b).") (internal quotations and citations omitted); *Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *5 (D. Kan. Sept. 10, 2007) ("[C]ourts in the District of Kansas have routinely held that when considering a motion to amend filed after the deadline established in a scheduling order, the court must determine whether 'good cause' within the meaning of Fed. R. Civ. P. 16(b) has been sufficiently demonstrated to justify allowing the untimely motion and if the Fed. R. Civ. P. 15(a) standards have been satisfied.") (internal quotations and citations omitted); *In re Urethane Antritrust Litig.,* No. 04-MD-1616-JWL, 2007 WL 1424327, at *3-5 (D. Kan. May 14, 2007) (applying Rules 15(a) and 16(b)(4) to deny motion to amend where motion was filed substantial period after scheduling order deadline).

[14]*See Boatright*, 2007 WL 2693674, at *6 (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)); *Geer v. Challenge Fin. Inv. Corp.*, No. 05-1109-JTM, 2007 WL 1149131, at *2 (D. Kan. Apr. 18, 2007) (same).

[15]*Boatright,* 2007 WL 2693674, at *5; *accord Lone Star Steakhouse*, 2003 WL 21659663, at *2 (party moving to amend after the scheduling order deadline "must show that despite due diligence it could not have reasonably met the scheduled deadlines."); *Deghand*, 904 F. Supp. at 1221 (the moving party "must show that despite due diligence it could not have reasonably met the scheduled deadlines.").

with a finding of diligence and offers no reason for a grant of relief."[16] Furthermore, a lack of prejudice to the opposing party does not show "good cause."[17] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion and will be reviewed only for the abuse of discretion.[18]

**II. Discussion**

Although Plaintiff filed her motion to amend on May 31, 2013, almost eight months after the deadline of October 5, 2012 for filing such a motion, the Court finds that she has shown good cause under Rule 16(b)(4) to justify the untimeliness. To establish good cause, Plaintiff must show that even with due diligence, she could not have reasonably met the scheduling order deadline.[19] Plaintiff has provided a reasonable explanation why she did not know the alleged facts in support of her proposed claim of illegal entry until well past the deadline. The facts related to the proposed claim are almost entirely derived from statements made by the individual Defendants in their numerous depositions conducted from late February through April of 2013. Also, prior to conducting the depositions, Plaintiff was unaware of any dispute regarding the exigent circumstances for the warrantless entry claimed by Defendants in the OISIT report and in their initial disclosures. Plaintiff was unable to conduct the depositions prior to the scheduling order deadline,

---

[16]*Lone Star Steakhouse*, 2003 WL 21659663, at *2 (quoting *Johnson* v. *Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)); *accord Deghand*, 904 F.Supp. at 1221.

[17]*Lone Star Steakhouse,* 2003 WL 21659663, at *2; *Deghand*, 904 F. Supp. at 1221 (citations omitted).

[18]*Ingle v. Dryer*, No. 07-cv-00428-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. Apr. 11, 2008) (citing *Burks v. Okla. Publ'g. Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996)).

[19]*Boatright,* 2007 WL 2693674, at *5; *Lone Star Steakhouse,* 2003 WL 21659663, at *2; *Deghand*, 904 F. Supp. at 1221.

because discovery was stayed until October 17, 2012 and Defendants did not file an Answer until November 27, 2012. Further, on December 12, 2012, the Court extended the discovery deadline to May 31, 2013. Thus, Plaintiff has shown that, though she did act with diligence, she could not have reasonably met the scheduling deadline because she did not have sufficient facts supporting the proposed claim prior to October 5, 2012. She has also shown that she was unable to conduct the depositions wherein she discovered the alleged facts supporting her proposed claim until well past the scheduling deadline. In addition, she conducted the depositions well within the time frame for discovery set in the Amended Scheduling Order.

Because Plaintiff has established good cause to allow the filing, the Court next considers whether to grant leave to amend under the Rule 15(a) standard. Defendants argue that Plaintiff delayed filing her motion, was dilatory, acted in bad faith and that amendment at this late date would constitute prejudice.

The Court does not find that Plaintiff acted with undue delay or dilatory motive or in bad faith. As noted above, these are reasons to deny a motion seeking leave to amend under Rule 15(a)(2).[20] The Tenth Circuit summarized the law regarding timeliness of amendments as follows:

> In *Foman*, the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. Emphasis is on the adjective: Lateness does not of itself justify the denial of the amendment. Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action. However, a party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time. The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with

---

[20]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.[21]

The Tenth Circuit went on to hold that courts "properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.' "[22] It also stated that a court may properly deny leave to amend when the plaintiff attempts to "salvage a lost case by untimely suggestion of new theories of recovery,[23] presents "theories seriatim" in an effort to avoid dismissal,[24] or knowingly delays raising an issue until the eve of trial.[25]  Here, the Court finds none of these reasons are present.  Defendants argue that Plaintiff delayed filing her motion until the last day of discovery even though she inquired into the exigent circumstances in a deposition on March 27, 2012, two months prior to the deadline.  As explained in the "good cause" discussion above, Plaintiff has provided a reasonable explanation for her delay in requesting leave to amend.  She conducted depositions in March and April of 2013, through which she learned new facts regarding the entry into the deceased's residence.  She did not have sufficient facts to support the proposed new claim until all depositions of the individual defendants were complete.  The Court finds no evidence of bad faith or dilatory motive and believes that justice is best served if Plaintiff's claim is adjudicated on its merits.

The Court also does not find that allowing Plaintiff to amend her complaint would prejudice Defendants.  The Tenth Circuit has held that "[the] most important factor in deciding a motion to

---

[21]*Id.* at 1205.

[22]*Id.* (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)).

[23]*Id.* (quoting *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001)).

[24]*Id.* (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)).

[25]*Id.* (quoting *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir. 1995)).

amend the pleadings is whether the amendment would prejudice the nonmoving party."[26] Courts in the Tenth Circuit "typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment."[27] This occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[28] The party opposing the amendment has the burden of showing prejudice.[29]

Here, Defendants argue that allowing the proposed amendment would constitute undue prejudice because discovery in this case is now closed. It is unclear, however, what additional discovery Defendants would be prohibited from obtaining. On its face, Plaintiff's proposed claim is directly related to the subject matter of the original complaint, that being the events leading up to and surrounding the death of Susan Stuckey. Further, the claim is based almost entirely on statements made by the individual Defendants. Specifically, Plaintiff states that the Defendants have disclosed facts in their depositions that contradict the facts that were previously made available to Plaintiff regarding the entry into the apartment. As such, the facts as to the additional claim are largely within the Defendants' control and also arise from the subject matter of the original complaint. In addition, Defendants have failed to show any undue difficulty in preparing a defense

---

[26]*Minter*, 451 F.3d at 1207.

[27]*Id.* at 1207; *see also Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004) ("Prejudice under Rule 15 means undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party.") (citations omitted).

[28]*Id.*

[29]*Rural Water Dist. No. 4 v. City of Eudora, Kan.*, No. 07-2463-JAR-DJW, 2008 WL 1867984, at *3 (D. Kan. Apr. 24, 2008); *Acker v. Burlington N. & Santa Fe. R. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003).

to the proposed illegal entry claim.  Thus the Court concludes that Defendants will not suffer undue prejudice should Plaintiff be allowed to amend her complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 135) is granted.  Plaintiff shall electronically file and serve her First Amended Complaint within five (5) days of this Order.  Defendants shall then have seven (7) days to file and serve their response to the amended pleading.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 3rd day of July, 2013.

S/ David J. Waxse
David J. Waxse
United States Magistrate Judge
